United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ready2Go Aviation LLC, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-23318-Civ-Scola |
| Galistair Trading Limited, and ACMI Solutions S.L., Defendants. | ) ) ) | |

## Order Denying Motion to Remand

This matter is before the Court on the Plaintiff's response (ECF No. 8) to the Defendants' notice of removal (ECF No. 1), which the Court treats as a motion for remand based upon its contents. The Defendants responded to the motion (ECF No. 9), and the Plaintiff has not filed a reply. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the motion because the Defendants have properly removed the action. (**ECF No. 8**.)

The Plaintiff, Ready2Go Aviation LLC, a Florida limited liability corporation, sued Defendants Galistair Trading Limited and ACMI Solutions, S.L., both foreign companies, in state court for breach of an implied contract and other torts relating to the Defendants' lease of an aircraft to the Plaintiff. (State Ct. Compl., ECF No. 1-2.) The Defendants then removed the action to federal court on the basis of diversity jurisdiction. (ECF No. 1.) The Plaintiff has objected to the removal, arguing that the case should be remanded to state court because the parties are not completely diverse. (ECF No. 8.)

A defendant may remove an action to federal court if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden to demonstrate the existence of federal jurisdiction by a preponderance of the evidence. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Under 28 U.S.C § 1332(c)(1), a corporation is considered a citizen of its state of incorporation and of the state where it has its principal place of business. A notice of removal need only contain a "short and plain statement of the grounds for removal." 18 U.S.C. § 1446(a). The parties here do not dispute that the amount in controversy exceeds $75,000—the complaint demands relief in the millions of dollars against both Defendants. (*See* State Ct. Compl., ECF No. 1-2.)

The Defendants' notice of removal states the following regarding the diversity of the parties: the Plaintiff is a citizen of Florida; Defendant Galistair

is a citizen of Malta whose principal place of business is in Spain; and Defendant ACMI is a citizen of Spain whose principal place of business is in Spain. (Not. Removal, ECF No. 1 ¶¶ 5, 7, 8.) The Defendants attached business registry certificates and other corporate documents to the notice as evidence. (Not. Removal, Exs. C-I, ECF Nos. 1-4-1-9.)

The Plaintiff argues in its motion to remand that removal was improper because Defendant Galistair is not a diverse party. (ECF No. 8.) According to the Plaintiff, Defendant Galistair's "principal place of business for the services offered to Ready2Go and its affiliation with Ready2Go is solely Miami-Dade County, Florida." (Mot. Remand, ECF No. 8 at 3.) Further, the Plaintiff argues that the Defendants have an obligation to identify all of their corporate members and owners for purposes of diversity jurisdiction and have not done so. (*Id.* at 5.)

These arguments are unconvincing. The Plaintiff's first argument regarding Defendant Galistair's business relationship with Ready2Go and Miami-Dade County is irrelevant to the diversity jurisdiction analysis. (*See id.* at 3-4.) The relevant inquiry, as the Defendants note in their response, is not where the activities underlying the claims took place but where a party's principal place of business is. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A company's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," also referred to as its "nerve center." *Id.* The Plaintiff's insistence that Galistair has a "Base Operation" in Miami does nothing to rebut the Defendants' representations, supported by evidence, that Galistair is incorporated in Malta, has headquarters in Spain, and that it does not even have an office in Florida. (Mot. Remand, ECF No. 8 at 4; Decl. Juan Jose Mesia Medina, ECF No. 9-3 ¶¶ 3-12.)

The Plaintiff's second argument, that the domiciles of Galistair's underlying owners may destroy diversity, is no more successful. (*See* Mot. Remand, ECF No. 8 at 5-6.) The Plaintiff fails to cite any legal authority, except for the proposition that corporate citizenship does *not* depend on that of shareholders—which is directly contrary to the Plaintiff's argument—to support its point that Galistair must establish the citizenship of its members or partners. (*See id.* at 5-6.) Nonetheless, the Defendants have submitted evidence establishing that Galistair's owners are also diverse. (*See* Defs.' Resp., ECF No. 9 at 9; Decl. Juan Jose Mesia Medina, ECF No. 9-3 ¶¶ 3-4.) The Court is therefore satisfied that the Defendants have carried their burden of establishing that the parties are completely diverse in this case.

The Plaintiff's arguments lack legal and factual support, and the Defendants' notice of removal, supporting affidavits, and response to the

Plaintiff's objection to removal easily establish diversity by a preponderance of the evidence. The Court therefore **denies** the Plaintiff's motion to remand the action to state court. (**ECF No. 8**.)

**Done and ordered** in Miami, Florida, on October 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge