United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ready2Go Aviation LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23318-Civ-Scola |
| | ) |
| Galistair Trading Limited, and | ) |
| ACMI Solutions S.L., Defendants. | ) |

## Order Granting Leave to File Under Seal

This matter is before the Court on the Defendants' motion for leave to file three exhibits to the pending motion to dismiss under seal. (Mot., ECF No. 14.) The Plaintiff responded (ECF No. 17), opposing the sealing of the documents, and the Defendants filed a reply. (ECF No. 22.) The Court has reviewed the briefing, the record, the relevant law, and is otherwise fully advised. The Court **grants** the Defendants' motion for leave to file the exhibits under seal for the following reasons. (**ECF No. 14**.)

The Defendants argue that three exhibits to the motion to dismiss should be sealed because they contain "proprietary business information and contain highly sensitive business terms that, if filed publicly, would prejudice" the Defendants. (Mot., ECF No. 14 at 2.) The exhibits are the agreement between the Plaintiff and the Defendants and two wet leases, which "reflect Defendants' pricing process, including confidential commercial and financial information related to their business operations including lease rental rates, crew member rates, payment terms and schedules, and other pricing conditions related to its business operations." (Defs.' Reply, ECF No. 22 at 2.)

"The common-law right of access to judicial proceedings . . . is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (cleaned up). This right of access is not absolute, however, and "requires a balancing of competing interests." *Id.* (cleaned up). In determining whether to seal a document, courts must consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (cleaned up). A motion to seal must set forth "the factual and legal basis

for departing from the policy that Court filings be public." L.R. 5.4(b)(1). "Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021).

The Defendants have shown good cause to seal the documents. The Defendants' legitimate interest in maintaining privacy around commercial information including pricing and finances outweighs the public interest in accessing the agreements here, especially because the information does not appear to be central to the Plaintiff's claims. *See VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1359 (S.D. Fla. 2012) (Middlebrooks, J.) ("Documents containing strategic marketing plans and pricing information have been held to constitute trade secrets under Florida law.") Further, the publication of the information could give the Defendants' competitors an unfair advantage by providing insight into the inner workings of the Defendant businesses and their heavily negotiated confidential business dealings. *See Deltona Transformer Corp. v. Noco Co.*, No. 6:19-CV-308-CEM-LRH, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021) (granting leave to file under seal "information concerning [] internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process.") The Court therefore **grants** the Defendants' motion for leave to file the exhibits under seal. (**ECF No. 14**.)

However, this analysis could change, and the Court may order the filing of unredacted versions of the agreements depending on how the case unfolds. *See Nephron Pharms. Corp. v. Jennifer Shelly Hulsey, U.S. Compounding Inc.*, No. 618CV1573ORL31LRH, 2020 WL 9595900, at *4 (M.D. Fla. May 28, 2020) (stating that the District Judge may require "that some or all of the sealed information be filed in the public record" upon review). In the meantime, the Defendants may file the agreements under seal and they will remain sealed until November 13, 2028, at which time they shall be destroyed by the Clerk.

**Done and ordered** in Miami, Florida, on November 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge