United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ready2Go Aviation LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23318-Civ-Scola |
| | ) |
| Galistair Trading Limited, and | ) |
| ACMI Solutions S.L., Defendants. | ) |

## Order Striking the Complaint

This matter is before the Court on an independent review of the record. The Plaintiff, Ready2Go Aviation LLC, claims that it made over $2 million in payments to the Defendants for the use of a commercial aircraft, but that the Defendants, Galistair Trading Limited and ACMI Solutions S.L., have not honored the vast majority of those payments. (Compl., ECF No. 1-2.) The Plaintiff initially filed this action in Florida state court, and the Defendants removed the case. (Not. of Removal, ECF No. 1.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

Shotgun pleadings include pleadings that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . . The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Ready2Go's complaint straddles these two categories of shotgun pleadings. The Plaintiff makes five claims in the complaint: one count of breach

of quasi/implied contract against Galistair and one count of the same against ACMI; one count of unjust enrichment against both Defendants; one count of fraud in the inducement against both Defendants; and one count of civil theft against both Defendants. (*See* Compl., ECF No. 1-2 ¶¶ 45-91.) The Complaint's allegations are conclusory, vague, repetitive, and at times contradictory, rising to the level of a shotgun pleading that does not put the Defendants sufficiently on notice of the claims against them.

For example, the complaint's first two claims are styled as "breach of quasi/implied contract," but breach of a quasi contract under Florida law is the same as unjust enrichment, which is separately plead as count 4 against both Defendants. *See Glob. Network Mgmt., LTD. v. Centurylink Latin Am. Sols.*, LLC, 67 F.4th 1312, 1316 (11th Cir. 2023) ("Florida courts use the term 'contract implied in law' interchangeably with 'unjust enrichment' and 'quasi contract.'")

The underlying facts that the Plaintiff pleads for each claim do not resolve the confusion. In order to state a claim for unjust enrichment, also known as breach of a quasi contract, a plaintiff must plead that: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value." *Id.* at 1316-17 (cleaned up). But the facts plead for claims 1, 2, and 4 do not seem to correspond to such a claim, and more resemble claims relating to an express contract or contract implied in fact. The Defendants should not have to guess what the Plaintiff actually means to claim. *See Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n. 8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); *see also Boatman v. Town of Oakland*, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing as a shotgun pleading a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested).

Furthermore, the complaint sometimes treats the two Defendants separately and sometimes conflates them without explanation, obscuring the Plaintiff's theory. The Plaintiff carefully sets out each payment and whether it was made to Galistair or ACMI, but simultaneously makes a confusing mass of allegations about the facts surrounding the payments: for example, the Plaintiff alleges at one point that ACMI acted as Galistair's agent, at another that an implied contract existed between both Defendants and the Plaintiff, but that the contract required the Plaintiff to exclusively make payments to ACMI (which the Plaintiff did not), and then that Galistair alone provided any flight

hours to the Plaintiff. (*See* Compl., ECF No. 1-2 ¶¶ 20-36, 19, 39.) These are only a few examples of the at best vague allegations—each of which are incorporated into all claims for relief—peppered throughout the factual background section of the complaint, which in combination with the claims for relief do not sufficiently provide notice of which Defendant was allegedly responsible for each act or omission.

Accordingly, the Court **strikes** the complaint, (**ECF No. 1-2**), as a shotgun pleading. Ready2Go may file an amended complaint by **January 10, 2024**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Furthermore, Ready2Go is admonished not to include redundant claims or counts in its amended pleading.

Ready2Go is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (cleaned up)).

In light of the above, the Defendants' motion to dismiss the Plaintiff's complaint is **denied without prejudice** (**ECF No. 12**).

**Done and ordered** in Miami, Florida on December 27, 2023.

---

Robert N. Scola, Jr.
United States District Judge